UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACK C. AYERS, II** )<br>)<br>**Plaintiff** )<br>)<br>vs. )<br>)<br>**SIMM ASSOCIATES, INC.** )<br>)<br>**Defendant** )<br>) | Case Number  13-70 Erie<br><br>**CIVIL COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Jack C. Ayers, II, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants and respectfully avers as follows:

**I.     INTRODUCTORY STATEMENT**

1.     Plaintiff, Jack C. Ayers, II, is an adult natural person and she brings this action for actual and statutory damages and other relief against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and against all Defendants for violations of the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.  JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this district is proper in that the Plaintiff resides in this District.

## III.  PARTIES

4. Plaintiff, Jack C. Ayers, II, (hereafter, Plaintiff), is an adult natural person residing in Erie, Pennsylvania.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Simm Associates, Inc. (hereafter, Defendant) at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Delaware with a primary location at 800 Penacader Drive, Newark, Delaware 19702.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

7. On or about December 29, 2011, Plaintiff paid the full balance due on an account owed on a Best Buy/HSBC Credit Card account.

8. At that time, Plaintiff had a balance due of $885.03.

9. After making the payment, Plaintiff states that he received no further statements and discontinued use of the account.

10. Plaintiff's payment was deposited by Best Buy/HSBC on or about January 7, 2012.

11. Best Buy/HSBC did not return the above referenced payment.

12. Despite paying the account balance off in full, in December, 2012, Plaintiff started to receive calls and statements from Defendant demanding payment on the same account above that had been paid off.

13. Plaintiff was said to still owe a balance of approximately $673.00.

14. On or about January 18, 2013, Plaintiff contacted the Defendant and informed them that the account they were attempting to collect on was already paid off.

15. Defendant's agent informed the Plaintiff that this was for a new charge made against the account in February of 2012 in the amount of $15.00.

16. Defendant informed the Plaintiff that he now owed over $600.00 due to monthly interest and fees added to the account in approximately 11 months time.

17. Plaintiff denies any use of this account in February, 2012.

18. At that time, Plaintiff requested validation of this debt in writing.

19. Defendant's male agent stated that they had sent the Plaintiff notices already and that they did not need to send him anything further.

20. Plaintiff was warned that his account was now in the "final stages" and that the next step against him was legal action.

21. Defendant demanded that payment be made in full immediately.

22. During this same call, Plaintiff again requested validation of these additional charges that he was not aware of.

23. Defendant's male agent became irate with the Plaintiff telling him that they did not have to prove anything to him, and that he just needed to get this debt paid.

24. Before ending the call, Defendant's agent stated that he would be marking the Plaintiff's account that he "willfully refused to pay".

25. Despite the Defendant's failure to validate this debt, they have continued their collection efforts against the Plaintiff

26. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

27. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28. At all times pertinent hereto, Defendant, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

29. At all times pertinent hereto, the conduct of Defendant, as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

30. Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

31. As a direct consequence of Defendant's acts, practices and conduct, Plaintiff has suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

32. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

### **COUNT I – FDCPA**

33. The above paragraphs are hereby incorporated herein by reference.

34. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

35. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

| | |
|---|---|
| §§1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| §§1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§1692e(2): | Any false or misleading representation in communications regarding the character, amount, or legal status of the alleged debt |

| | |
|---|---|
| §§1692e(5): | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| §§1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§1692g: | Failure to send the consumer a 30-day validation |
| §§1692g(b): | Collector must stop collection efforts until the debt is validated |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

c. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT- (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

36. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

37. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendants is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

38. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

39. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

40. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

41. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

42. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

43. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. Actual damages;

   b. Treble damages;

   c. An award of reasonable attorneys fees and expenses and costs of court; and

    d.    Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

44.    The foregoing paragraphs are incorporated herein by reference.

45.    Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

46.    The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

47.    The actions of the Defendant, as aforesaid, constitute unfair acts or practices under the UTPCPL, by way of the following, inter alia:

    a.    Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

    b.    Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

    c.    Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

48.    As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

49.    By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a. An Order declaring that Defendant violated the UTPCPL;

b. Actual damages;

c. Treble damages;

d. An award of reasonable attorney's fees and expenses and cost of suit; and

e. Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

**Date: March 8, 2013**

**BY: /s/ Brent F. Vullings**
Brent F. Vullings, Esquire
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com